UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM SMALL,                          :
                                        :
    Plaintiff                           :
                                        :
v.                                      : CIVIL NO. 3:CV-12-1723
                                        :
DEPUTY SUPER. HENRY, et al.,            : (Judge Kosik)
                                        :
    Defendants                          :

## MEMORANDUM

William Small ("Small"), an inmate at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are SCI-Camp Hill employees Deputy Superintendent Henry, Sergeant Mitchell, Superintendent Southers, and Lieutenant Leedom. Small has not submitted the required filing fee in this matter or the proper documents to proceed in forma pauperis. For purposes of this action only, the court will grant Small in forma pauperis status. Pursuant to 28 U.S.C. § 1915, the court is required to examine the complaint for legal sufficiency and to dismiss a complaint if it is frivolous, malicious or fails to state a claim on which relief may be granted. For the reasons that follow, the complaint will be dismissed for failure to state a claim

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I. **Allegations of the Complaint**

The allegations set forth in the complaint are short and simple. Small contends that while confined at SCI-Camp Hill, he was harassed and treated unfairly by Defendants Leedom and Mitchell because they told him they were going to "hang [him] and make it look like a suicide." (Doc. 1, Compl. at 2.) He filed a grievance about the threat and also states that he informed Defendants Southers and Henry. Southers informed Small that he would "handle it," but Small claims he never did. Henry told Small to "man up" and stop being "scared." (Id.) As relief, Small seeks an immediate transfer to another Pennsylvania institution and $75,000.00.

II. **Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) <u>fails to state a claim on which relief may be granted</u>; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.) Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ." Section 1915(e)(2)(B)(ii)

2

provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. See Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Marangos v. Swett, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(citing Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009)). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., 120 S. Ct. at 1949 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

Small's complaint contains nothing more than allegations of verbal harassment. Mere words spoken to a prisoner by a correctional officer, even when those words are harsh, do not amount to a violation of the prisoner's civil rights by the officer. Johnson v. Glick, 481 F.2d 1028, 1033 n. 7 (2d Cir. 1973); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)(verbal harassment by threatening to hang an inmate is not sufficient to state a constitutional deprivation). "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000). Accordingly, Small's claim of verbal assault fails to state a cognizable claim and there exists no basis for allowing amendment. While the behavior alleged by Small may be reprehensible, without more, Defendants' mere threat does not rise to the level of an Eighth Amendment violation. Accordingly, the instant complaint will be dismissed for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.